**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

May 5, 2021

Catherine G. Dearlove, Esquire
Kevin M. Gallagher, Esquire
Matthew W. Murphy, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

John W. Shaw, Esquire
Karen E. Keller, Esquire
David M. Fry, Esquire
Nathan R. Hoeschen, Esquire
Shaw Keller LLP
1105 North Market Street, 12th Floor
Wilmington, Delaware 19801

RE: *NB Alternatives Advisers LLC, et. al., v. VAT Master Corp, et. al.*,
C.A. No. 2020-0930-SG

Dear Counsel:

On April 22, 2021, I issued a Letter Opinion (the "Letter Opinion") granting in part the Plaintiffs' request to enjoin the Defendants' maintenance of a Wisconsin action in violation of an exclusive choice of forum provision.[1] In the Letter Opinion, I requested further information from counsel to determine whether, in light of that decision, the dispute over one count (Count IV) of the Wisconsin complaint remained at issue. I have in hand the Defendants' letter of May 3, 2021, stating that the issue remains.[2]

_____

[1] Ltr. Op., Dkt. No. 62.
[2] *See generally* Ltr. from Nathan R. Hoeschen, Dkt. No. 63.

1

The Defendants' letter (the "May 3 Letter") contains other representations and contentions that I address here. First, the Defendants state that I got the law entirely wrong in the Letter Opinion. Fair enough. The Defendants also state that "the Court can and should reconsider its prior conclusions."[3] To the extent that the Defendants intend the May 3 Letter to serve as a motion for reargument under Rule 59(f), it is untimely and improper in form. I will not consider it further, and the Plaintiffs need not reply under Rule 59(f). Moreover, the record is closed, the matter has been submitted, and the Plaintiffs should not respond to the Defendants' arguments in the May 3 Letter.

Next, the Defendants request that, "to the extent [the Court] intends to maintain [its erroneous conclusions as expressed in the Letter Opinion, it] direct entry of a final appealable judgment as soon as possible."[4] It is my intention to maintain my conclusions; that is the function of a judicial opinion, at least as I understand it. The Defendants further note that the "Defendants do not believe the Letter Opinion constitutes a final appealable judgment. To the extent the Court believes otherwise, Defendants request express confirmation to that effect."[5] Our Supreme Court has repeatedly affirmed that "[a] final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties

---

[3] *Id.* 5 (footnote omitted).
[4] *Id.*
[5] *Id.* 5, n.8.

and leaves nothing for future determination or consideration. In short, a final judgment is one that determines all the claims as to all the parties."[6] The Letter Opinion itself concludes that "[b]efore resolving [the remaining] matters, it seems to me prudent that, in light of [the rulings in the Letter Opinion]," counsel report to me by May 3, 2021 what "issues remain to be decided."[7] The Defendants are correct in their "belief" that a judicial opinion that thus reserves decision does not constitute a "final appealable judgment." Moreover, the May 3 Letter does not constitute a proper request for certification of an interlocutory appeal.[8]

As to the Defendants' demand for a final decision "as soon as possible," this is an expedited matter. Evidence was presented and the issues fully submitted at the Final Merits Hearing on April 7, 2021, and I issued the Letter Opinion on April 22, 2021. It is because the resolution of the issue regarding Count IV appeared potentially moot that I asked for clarification that I hoped would terminate the litigation. The Defendants, I note, took the entire time allotted, eleven days, to respond. In any event, I will address the remaining issues in due course, consistent with the expedited nature of this litigation and the other obligations of the Court.

---

[6] *Braddock v. Zimmerman*, 906 A.2d 776, 780 (Del. 2006) (quoting *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002)) (footnotes and internal quotation marks omitted).
[7] Ltr. Op. 7, Dkt. No. 62.
[8] *See generally* Supr. Ct. R. 42.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:     All counsel of record (by *File & ServeXpress*)